**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4745**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ZECHARIAH SWITZER,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (7:09-cr-00120-D-1)

Submitted:  March 23, 2011            Decided:  March 31, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dennis M. Hart, Washington, D.C., for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Eric Evenson, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zechariah Switzer appeals the eighty-four-month sentence he received following his guilty plea to use and carry of firearms during and in relation to, and possession of firearms in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2006). In sentencing Switzer, the district court added twenty-four months' imprisonment to his advisory sentencing range, which was the statutory mandatory minimum term of sixty months. See 18 U.S.C. § 924(c)(1)(A)(i); U.S. Sentencing Guidelines Manual ("USSG") § 2K2.4(b) (2009). For the following reasons, we reject Switzer's arguments on appeal and affirm.

Switzer first posits that, in sentencing him above the Guidelines range, the court upwardly departed pursuant to USSG § 2K2.4 cmt. n.2(B) (2009), and relied on its finding that Switzer committed perjury at sentencing to enhance his sentence pursuant to USSG § 3C1.1. In doing so, Switzer argues, the district court failed to provide him notice of its intent to depart, as required by Fed. R. Crim. P. 32(h), and the opportunity to respond to the factual basis for the departure.

However, the district court specifically rejected the proposition that it was departing upward,[1] stating on the record that it was imposing a variance sentence. Post-Booker,[2] the district court acted within its discretion in doing so. See generally United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (explaining that, in Rita v. United States, 551 U.S. 338 (2007), the Supreme Court "recognized that a sentencing court has flexibility in fashioning a sentence outside of the Guidelines range"). As we clarified in United States v. Evans

> [A]dherence to the advisory Guidelines departure provisions provides *one way* for a district court to fashion a reasonable sentence outside the Guidelines range, it is *not* the only way. Rather, after calculating the correct Guidelines range, if the district court determines that a sentence outside that range is appropriate, it may base its sentence on the Guidelines departure provisions *or* on other factors so long as it provides adequate justification for the deviation.

526 F.3d 155, 164 (4th Cir. 2008). Because there simply was no departure in this case, we reject Switzer's argument pertaining to the alleged improprieties in the departure procedure. We further reject Switzer's ancillary argument that the court

---

[1] Switzer correctly identifies that USSG § 2K2.4(b) governed his offense conduct and that Application Note 2(B) to that guideline provides that, for sentences imposed pursuant to subsection (b), "a sentence above the minimum term required by 18 U.S.C. § 924(c) . . . is an upward departure from the guideline sentence."

[2] United States v. Booker, 543 U.S. 220 (2005).

3

failed to make the factual findings necessary for an enhancement pursuant to USSG § 3C1.1.

Switzer next challenges the reasonableness of his sentence. "[N]o matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." Evans, 526 F.3d at 164 (citing Gall v. United States, 552 U.S. 38, 50 (2007)). In doing do, we apply an abuse of discretion standard. Gall, 552 U.S. at 51; see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered

4

the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita, 551 U.S. at 356) (alterations in original), cert. denied, 131 S. Ct. 165 (2010).

Switzer maintains the district court did not individually assess his case, as evidenced by its reliance on its finding that he lied at sentencing to impose an additional two years of imprisonment. To be sure, the court properly determined that Switzer's attempt to minimize and disavow his criminal conduct supported the variance, but it also identified several other sentencing factors, including: Switzer's likelihood of recidivism; the need to impose a sentence sufficient to deter others from engaging in similar conduct and to protect the public from Switzer's crimes; and that, in terms of Switzer's personal characteristics, Switzer did not appreciate the seriousness of his conduct. The district court's explanation reflects its thorough, individualized assessment of this case in light of the § 3553(a) factors, and was more than adequate to support the upward variance. See United States v. Grubbs, 585 F.3d 793, 805 (4th Cir. 2009) (opining that a "§ 3553(a)-based[] explanation of [defendant's] sentence provides independent grounds for a variance sentence and

verifies the reasonableness of the district court's sentencing determination"), cert. denied, 130 S. Ct. 1923 (2010).

Having determined that there is no procedural error, we next assess the substantive reasonableness of the sentence. This inquiry requires us to review "whether the District Judge abused his discretion in determining that the § 3553(a) factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Gall, 552 U.S. at 56. In doing so, the court must "'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). We discern no abuse of discretion in the district court's reliance on Switzer's misrepresentations at sentencing and the other identified § 3553(a) factors to support its decision to vary upward. See Diosdado-Star, 630 F.3d at 366-67 (holding sentencing court's decision to impose a sentence six years longer than advisory Guidelines range was reasonable, because court employed § 3553-based reasoning to justify the variance).

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED

7